IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Wallace L. Dixon, III,**

      **Petitioner,**

v.                                                                                          Case No. 13-3161-JWL

**James Heimgartner,**

      **Respondent.**

## ORDER

Wallace L. Dixon, III, a Kansas state inmate, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The state has filed its response to the petition and the supplement and, recently, Mr. Dixon filed a traverse such that the petition and supplement are ripe for resolution. Mr. Dixon now asks the court to stay a ruling on his petition to permit Mr. Dixon to "pursue other remedies" and to seek new evidence. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court recognized that district courts have the authority to stay a habeas case and hold it in abeyance while the petitioner returns to state court to raise unexhausted claims. *Id*. at 276. A stay, however, may only be granted when the petitioner has good cause for his failure to exhaust, when the unexhausted claims are potentially meritorious, and when there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277.

Mr. Dixon does not address any of these issues in his motion—he simply states, in conclusory fashion, that he wishes to pursue "other remedies" and seek "new evidence." The motion, then, is denied without prejudice to refiling with specific reference to the applicable standard.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Dixon's motion to stay (doc. 37) is **denied without prejudice**.

**IT IS SO ORDERED.**

Dated this 15th day of April, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge