IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Wallace L. Dixon, III,**

      **Petitioner,**

v.                                                                                  Case No. 13-3161-JWL

**James Heimgartner,**

      **Respondent.**

**MEMORANDUM & ORDER**

On May 6, 2016, the court denied Mr. Dixon's petition for writ of habeas corpus under 28 U.S.C. § 2254. In that memorandum and order, the court held that ten specific ineffective assistance claims were procedurally defaulted because Mr. Dixon abandoned those claims on appeal from the denial of his § 60-1507 petition. The court further held that Mr. Dixon could not demonstrate cause for the default because an attorney's errors on appeal from an initial-review collateral proceeding (the sole "cause" identified by Mr. Dixon) do not qualify as cause for a procedural default.

This matter is now before the court on Mr. Dixon's pro se motion to alter or amend the judgment—a motion that the court considers at its discretion because Mr. Dixon is represented by counsel. *See United States v. Smith*, 815 F.3d 671, 677-78 (10th Cir. 2016) (district court need not consider pro se motions filed by defendants who are represented by counsel). In his motion, Mr. Dixon asserts that on May 5, 2016, he presented an unopposed motion to stay to prison officials for filing with the court but that, for reasons unknown to him, the motion was either never filed or the court "rejected" the "attempted" filing. In the motion to stay, Mr. Dixon

asserted, as he asserts here, that he desires to pursue those ten ineffective assistance claims through collateral state court proceedings by virtue of a new claim—that his appellate counsel in the state collateral proceedings had a conflict of interest and refused to assert those claims because that counsel also represented Mr. Dixon on direct appeal. He indicates that he is presently pursuing a successive § 60-1507 motion to assert the "conflict of interest" claim. He asks the court to vacate its order denying the petition for writ of habeas corpus and stay this matter pending his second pursuit of state collateral proceedings. As will be explained, the motion is denied.

To begin, even assuming that Mr. Dixon provided the motion to stay to prison officials on May 5, 2016 as he asserts, that motion would not have reached the court prior to the court's issuance of its memorandum and order on May 6, 2016. It simply was too late. Moreover, the court likely would have disregarded the motion in any event because Mr. Dixon avers that he attempted to file the motion pro se and at that time he was (and is currently) represented by counsel. *See id.* But even putting aside the untimeliness of the motion to stay and the fact that Mr. Dixon did not attempt to file it through counsel, the court would have denied the motion. As Mr. Dixon concedes in his motion, he is presently pursuing his second §16-1507 petition on an issue that does not involve new evidence or new case law. His "conflict of interest" claim is simply a new claim based on facts long known to him. The court has little doubt but that the state court will decline to hear it as untimely and successive. *See* K.S.A. § 60-1507(c) ("The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."). Finally, the ineffective assistance claims that Mr. Dixon hopes to pursue in state court are not "unexhausted" claims in any event—the court properly

deemed those claims as exhausted because it was too late for Mr. Dixon to pursue relief in state court.  For the foregoing reasons, Mr. Dixon cannot establish that a stay would have been appropriate even if he had timely filed his motion to stay through counsel.  His motion to alter or amend, then, is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Dixon's motion to alter or amend judgment (doc. 41) is denied.

**IT IS SO ORDERED.**

Dated this 17th day of May, 2016, at Kansas City, Kansas.

 s/ John W. Lungstrum
John W. Lungstrum
United States District Judge