IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Wallace L. Dixon, III,**

   **Petitioner,**

v.                  **Case No. 13-3161-JWL**

**James Heimgartner,**

   **Respondent.**

## MEMORANDUM & ORDER

On May 6, 2016, the court denied Mr. Dixon's petition for writ of habeas corpus under 28 U.S.C. § 2254. In that memorandum and order, the court held that ten specific ineffective assistance claims were procedurally defaulted because Mr. Dixon abandoned those claims on appeal from the denial of his § 60-1507 petition. The court further held that Mr. Dixon could not demonstrate cause for the default because an attorney's errors on appeal from an initial review collateral proceeding (the sole "cause" identified by Mr. Dixon) do not qualify as cause for a procedural default.

Thereafter, Mr. Dixon filed a pro se motion to alter or amend the judgment. In that motion, Mr. Dixon asked the court to "stay the matter" and vacate the judgment because Mr. Dixon had decided to pursue the ten ineffective assistance claims through collateral state court proceedings on the theory that his appellate counsel in his initial § 60-1507 proceedings was ineffective. The court denied the motion for a number of independent reasons, including that the Kansas court was unlikely to consider Mr. Dixon's § 60-1507 petition and, in any event, the ten

claims were not "unexhausted" (in the sense that Mr. Dixon could go back to the state courts to exhaust those claims) but were procedurally defaulted.

Mr. Dixon then filed two additional pro se motions to alter or amend the judgment. The court declined to consider those motions because they were filed by Dr. Dixon despite the fact that he was represented by counsel. *See United States v. Smith*, 815 F.3d 671, 677-78 (10th Cir. 2016). Mr. Dixon has now filed another motion to alter or amend the judgment (doc. 55) which is, in essence, a motion to reconsider the court's denial of the two prior motions to alter or amend (doc. 48 & 49). Mr. Dixon asserts that his counsel has withdrawn from the case such that he is now proceeding pro se and he asks the court to consider the merits of his two prior motions to alter or amend. Because counsel no longer represents Mr. Dixon, the court believes that it is appropriate to reach the substance of the arguments raised by Mr. Dixon in his two pro se motions to alter or amend the judgment.

In those motions, Mr. Dixon asserts that the court, in denying his § 2254 petition and in denying the initial motion to alter or amend, made certain errors of law and fact. Those motions are now denied on the merits. Even assuming that Mr. Dixon is successful in his efforts to have the Kansas court hear his § 60-1507 petition asserting that his appellate counsel in his collateral proceedings was ineffective, that claim is not one that may be raised by a federal habeas petitioner, 28 U.S.C. § 2254(i) and as such is no basis to vacate the judgment in this case or stay the proceedings. Moreover, as the court explained when Mr. Dixon raised this issue in his § 2254 submissions, an attorney's errors on appeal from an initial-review collateral proceedings do not qualify as cause for a procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Martinez v. Ryan*, 132 S. Ct. 1320 (2012). The claims were procedurally defaulted

because he abandoned the claims on appeal from the denial of his § 60-1507 petition.[1] For purposes of his § 2254 petition, then, nothing that he is pursuing in state court at this juncture has any bearing on the specific petition resolved by this court.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Dixon's motion to alter or amend (doc. 55) is denied.

**IT IS SO ORDERED.**

Dated this 8th day of July, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[1] To the extent Mr. Dixon suggests that his "actual innocence" is a "gateway through procedural default," the record does not support Mr. Dixon's assertion of innocence.