IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Wallace L. Dixon, III,**

       **Petitioner,**

v.                                                   **Case No. 13-3161-JWL**

**James Heimgartner,**

       **Respondent.**

## MEMORANDUM & ORDER

On May 6, 2016, the court denied Mr. Dixon's petition for writ of habeas corpus under 28 U.S.C. § 2254. In that memorandum and order, the court held that ten specific ineffective assistance claims were procedurally defaulted because Mr. Dixon abandoned those claims on appeal from the denial of his § 60-1507 petition. The court further held that Mr. Dixon could not demonstrate cause for the default because an attorney's errors on appeal from an initial review collateral proceeding (the sole "cause" identified by Mr. Dixon) do not qualify as cause for a procedural default. Mr. Dixon has now filed his fifth motion to alter or amend the judgment—the court has previously denied four motions to alter or amend filed by Mr. Dixon between May 13, 2016 and July 1, 2016. The most recent motion to alter or amend (doc. 62) is denied. Mr. Dixon asserts that the court failed in its last memorandum and order to address two issues raised by Mr. Dixon. One of those issues concerns a statement made by the court in connection with its denial of Mr. Dixon's first motion to alter or amend, wherein the court indicated that a motion to stay that Mr. Dixon sought to file before the court issued its May 6, 2016 memorandum and order would not have been received by the court prior to the court's

issuance of the order. Mr. Dixon insists that the motion to stay would not have been late and should have been filed and the court erred in suggesting the filing would have been untimely. Because the court did not base its denial of the motion to alter or amend on any issue remotely involving the motion to stay, that issue is not relevant and the court will not concern itself with it again.

The other issue raised by Mr. Dixon in his most recent motion to alter or amend is the court's alleged failure to address an exhibit attached to his first motion to alter or amend that, according to Mr. Dixon, indicates that he preserved all of his claims during the appeal portion of his state collateral proceedings. As explained by Mr. Dixon, the exhibit is a pro se supplemental appellate brief that was itself attached as an exhibit to Mr. Dixon's motion for leave for permission to file it with the Court of Appeals. The record reflects that he was denied permission to file the brief. Moreover, Mr. Dixon was represented by counsel on appeal and that brief—as expressly indicated by the Court of Appeals and as conceded by Mr. Dixon— clearly did not advance those claims. *See Dixon v. State*, 2012 WL 2924545, at *4 (Kan. Ct. App. July 13, 2012). Mr. Dixon, then, has shown no error in the court's ruling in this regard.

For the foregoing reasons, the motion to alter or amend is denied. Because the court has thoroughly reviewed and carefully considered Mr. Dixon's claims on numerous occasions, Mr. Dixon is cautioned that the court, in all likelihood, will summarily deny any future motions to alter or amend.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Dixon's motion to alter or amend (doc. 62) is denied.

**IT IS SO ORDERED.**

Dated this 4th day of August, 2016, at Kansas City, Kansas.

                                                _s/  John W. Lungstrum_____
                                                John W. Lungstrum
                                                United States District Judge